# Chambersburg Borough School District, Appellant, *v.* Guilford Township School District.

*School law—Division of district—Right to moneys collected by taxation.*

1. Where a school district of a township, after a portion thereof has been detached and annexed to a borough school district, levies a school tax, without any authority of law on the property in the detached portion, and collects the same, the school district of the borough has no title to such money, and cannot collect it by an action at law.

2. In such a case there is no application of the rule that where one has in his hands money, which in equity and good conscience belongs and ought to be paid to another, an action for money had and received will lie for the recovery thereof.

Argued Oct. 16, 1911. Appeal, No. 211, Oct. T., 1911, by plaintiff, from judgment of C. P. Franklin Co., Feb. T., 1911, No. 30, for defendant on demurrer to statement in case of School District of the Borough of Chambersburg v. Guilford Township School District. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Assumpsit to recover money had and received.
Demurrer to statement of claim.
The court entered judgment for defendant on demurrer.

GILLAN, P. J., filed the following opinion:

The cause of action as set forth by the plaintiff consists of a statement of the facts as found by the court in the matter of the proceedings for the equalization of property, taxes, etc., between the plaintiff and defendant in the court of quarter sessions, as reported in 44 Pa. Superior Ct. 500. The plaintiff having attempted to have an order made by the quarter sessions in pursuance of the Acts of April 11, 1862, P. L. 471, and April 3, 1903, P. L. 142, to have the money here claimed paid over, and failed, now seeks in this action of assumpsit to recover a judgment for the same.

The school directors of the township of Guilford, after a portion of the said district had been detached and annexed to the borough of Chambersburg, levied upon the property in said detached portion a tax, or what they called a tax, which was collected by the collector of Guilford township to the amount set forth in the plaintiff's statement. This levy was without any authority whatever; it was a mere nullity; the collector had no authority whatever to demand it, and the inhabitants could not have been compelled to pay it. If the said Guilford township could levy said tax for that year, they could levy a similar tax for any succeeding year. It was the business of the plaintiff district to levy the tax on the property in the attached portion for the school year beginning June 1, 1908; this they did not do. Although the ordinance attaching the same was approved November 6, 1907, and filed in the office of the clerk of the court of quarter sessions November 11, 1907, the plaintiff district did nothing whatever toward levying taxes in said attached territory. True, the certificate of the clerk and the seal of the borough was not attached to the ordinance until May 11, 1908, yet that was twenty days prior to the beginning of the next school year when the taxes should have been levied. Speaking strictly no taxes were levied for the year 1908 in that portion of the district which was, by ordinance, detached from Guilford township and attached to Chambers-

burg; no taxes were paid.   Certain moneys were handed over which those who paid may have thought were taxes, but were not; this money never belonged to the plaintiff district; there was never any promise, either express or implied, on the part of the defendant to pay the plaintiff this money; the persons who paid this money to Skelly, the collector, did not owe the same to the plaintiff.   It will not be disputed that no one owes a tax unless it is properly levied.

The plaintiff relies on the principle as expressed in 27 Pa. Superior Ct. at page 276, "Where one has in his hands money, which in equity and good conscience belongs and ought to be paid to another, an action for money had and received will lie for the recovery thereof.   No privity of contract is necessary to sustain this action, for the law, under these circumstances, implies a promise to pay." The difficulty in applying that principle to this case is, that the defendant does not have in its hands money, "which in equity and good conscience belongs to the plaintiff."

If the township of Guilford could levy and collect the tax for the year 1908, they would have the same right to do it for any subsequent year, or any other township would have the same authority.   The township of Antrim is the next township to Guilford on the south; suppose that the school district of Antrim township should, for the coming year, undertake to levy a tax upon the property of the taxable inhabitants of Chambersburg, and, having levied it, or pretended to levy it, should place a duplicate in the hands of their collector, commanding him to collect these taxes, and the people of Chambersburg should pay, the situation would be exactly similar to the situation before us.   Certainly no one will be heard to say that the borough of Chambersburg could, by an action of assumpsit, collect from Antrim township.

This, of course, is an action for money had and received.   "To maintain an action for money had and received it is necessary to establish that the defendant has

received money belonging to the plaintiff to which he is entitled:" National Trust Co. v. Gleason, 77 N. Y. 400; New York Guaranty & Ind. Co. v. Gleason, 78 N. Y. 503.

The legislature has provided a remedy by which taxes on hand when a district is divided may be properly adjusted. As said by the Superior Court, in Chambersburg Boro. School District v. School District, 44 Pa. Superior Ct. 500, 506, "The legislature did not contemplate the possibility of directors of a school district levying taxes in the detached portion of the district in subsequent years, and made no provision for such cases." Neither does the law contemplate that the directors of a school district will neglect and refuse to levy a tax on the property properly and legally attached to the said district. Without regard to what the defendant district did, the plaintiff district could have levied a tax for the year 1908 on the attached property and collected it; they failed absolutely to perform this plain duty; it follows that they cannot now maintain this action of assumpsit. The demurrer must be sustained.

Now, this fourth day of September, 1911, judgment for the defendant on the demurrer.

*Error assigned* was the judgment of the court.

*William S. Hoerner,* for appellant, cited: Owens v. Goldie, 213 Pa. 579; McAvoy v. Title Ins. & Trust Co., 27 Pa. Superior Ct. 271; Humbird v. Davis, 210 Pa. 311; Hertzog v. Hertzog, 29 Pa. 465.

*Charles Walter,* with him *O. C. Bowers* and *Arthur W. Gillan,* for appellee.

OPINION BY ORLADY, J., March 1, 1912:

The plaintiff brought suit to recover certain moneys alleged to be in the possession of the defendant, which it, as a quasi municipal corporation had received improperly, and which it was alleged should have been received by the

defendant school district.   The defendant demurred to the plaintiff's statement of claim, and after argument the demurrer was sustained by the court.

In the opinion filed by the learned trial judge, the matter is so fully disposed of, that it is not necessary to review the facts further.

The plaintiff has shown no title at all to this money, and the assumption that there is in the treasury of the defendant a certain sum of money in excess of the amount it was authorized by law to collect as taxes is not material to this issue, unless there is an added step taken, and it is shown that such money is in fact, or by implication of law, the money of the plaintiff.   Proof of this was not furnished.

The assignment of error is not sustained and the judgment is affirmed.